UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANK X. GARZA AND<br>CELIA A. GARZA | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 7:16-CV-143 |
| ESSEX INSURANCE COMPANY AND<br>RAY HERNANDEZ | §<br>§<br>§<br>§ | |
| Defendants. | § | |

**DEFENDANT ESSEX INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, the Defendant Essex Insurance Company (referred to herein as "Essex") hereby removes the action styled and numbered, *Frank X. Garza and Celia A. Garza v. Essex Insurance Company and Ray Hernandez*, C-1055-16-D, currently pending in the 206th Judicial District Court, Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On March 4, 2016, Frank Garza and Celia Garza ("Plaintiffs") filed their Original Petition in Cause No. C-1055-16-D against Essex and Ray Hernandez. Essex and Ray Hernandez ("Hernandez") shall be referred to herein collectively as "Defendants."

2. Plaintiffs' Original Petition alleges causes of action against Essex for breach of contract and breach of the duty of good faith and fair dealing, and alleges causes of action against *both Defendants* for violations of Chapters 541 and 542 of the Texas Insurance Code.[1]

---

[1] *See* Plaintiff's Original Petition, attached as ***Exhibit A***.

## II.  VENUE IS PROPER

3. Venue is proper in the United States District Court for the Southern District of Texas, McAllen Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## III.  PARTIES

4. Plaintiffs are residents and citizen of Texas for purposes of diversity of citizenship.[2]

5. Defendant Essex is an insurance company incorporated in the State of Delaware, with its home office/principal place of business in Virginia. Therefore, Essex is now, and was when this action was commenced, a citizen of the State of Delaware and the State of Virginia for purposes of diversity of citizenship. There is now, and was at the time this action was filed, diversity of citizenship between Plaintiff and Essex.

6. Defendant Hernandez is a citizen of Texas for purposes of diversity of citizenship. However, because he was improperly joined as a defendant in this action, his citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists.

## IV.  NOTICE OF REMOVAL IS TIMELY

7. Plaintiffs have not yet served either Defendant in this case. However, nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court.[3] Moreover, 28 U.S.C. § 1446 provides that a defendant must file a notice of removal "within thirty days after receipt by the defendant through service or otherwise, of a copy of the initial pleading." "The 'or otherwise' language in § 1446 indicates a

---

[2] See **Exhibit A** at p. 1.

[3] *E.g., Taylor v. Cottrell, Inc.*, No. 4:09CV536HEA, 2009 WL 1657427, at *2 (E.D. Mo. June 10, 2009).

lack of Congressional intent to require a defendant to wait until service before filing a notice of removal."[4]

8. Essex does not need to obtain Hernandez's consent to removal as Essex contends Hernandez was improperly joined.[5] Hernandez, however, consents to this removal.

9. No further pleadings have been filed, and no proceedings have yet occurred in the Hidalgo County action. Essex, therefore, timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## V. BASIS FOR REMOVAL

10. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

11. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and the only properly-joined Defendant, Essex, and because the amount in controversy exceeds $75,000 excluding interest, costs and attorneys' fees.[6] Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 18 U.S.C. § 1332(a)(1)-(2).

12. Accordingly, there is now, and was at the time this action was filed, complete diversity between Plaintiff and the only properly-joined Defendant, Essex. The citizenship of the

---

[4] *Terry v. J.D. Streett and Co., Inc.*, No. 4:09CV01471 FRB, 2010 WL 3829201, at *56 (E.D. Mo. Sept. 23, 2010) (finding that the plain language in § 1441 permitted a forum-defendant to remove the case before the forum-defendant had been served).

[5] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[6] See **Exhibit A** at page 13. Plaintiff's Original Petition alleges damages in excess of $100,000.00.

improperly-joined defendant, Hernandez, should be disregarded for purposes of determining whether diversity jurisdiction exists.[7]

13. Removal jurisdiction is determined on the basis of the claims in the state court pleading as it exists at the time of removal.[8] To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the pleading of jurisdictional facts.[9] Here, the first applies. A comparison of the petition at issue with the petitions analyzed in the opinions of federal district courts around Texas demonstrates Hernandez's improper joinder. A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[10]

14. Insurance adjusters are common targets in policyholder suits for purposes of defeating diversity jurisdiction. The allegations in Plaintiffs' petition against Hernandez are embellished recitations of the Texas Insurance Code constituting "legal conclusions couched as factual allegations" that do not provide a reasonable basis for recovery.[11] The allegations against

---

[7] *See Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000).

[8] *See Cavallini v. State Farm Mutual,* 44 F.3d 256, 262 (5th Cir. 1995); *Castellanos v. Bridgestone Corp.,* 215 F.Supp.2d 862, 864 (S.D. Tex. July 22, 2012).

[9] *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[10] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[11] *TAJ Properties, LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473 at *3-4 (S.D. Tex. Nov. 29, 2010) (a petition does not survive removal simply because a factual basis can be gleaned "from a list of ambiguous legal conclusions."), *citing Weldon Contractors, LTD v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009).

Hernandez are similar to allegations against adjusters that courts have held did not meet the required standards to avoid removal.[12]

15. Indeed, the Honorable Judge Harmon's words from a recent opinion wherein she dismissed an adjuster for improper joinder are equally applicable to this case: "For the most part the allegations merely track the statutory provisions, alleging only that [adjuster] inspected the Property and that he submitted an undervalued repair estimate to [insurer]. These actions can be accomplished by [insurer] through an agent, and as such, are indistinguishable from [insurer's] actions."[13]

16. Additionally, Texas courts find that there is no reasonable possibility that a plaintiff will be able to establish a cause of action against a non-diverse defendant where, as here, plaintiffs fail to allege any independent act or omission by the adjuster.[14] Under well-

---

[12] *E.g., Slabaugh v. Allstate Ins. Co.*, No. 4:15-CV-115, 2015 WL 4046250 at *2-3 (E.D. Tex. June 30, 2015) (improper joinder based on petition specifically discussing adjuster's role in the claim's process and how the adjuster's acts and omissions proximately caused damages to plaintiff); *see also Davis v. Metropolitan Lloyds Ins. Co. of Texas.*, No. 4:14-cv-957-A, 2015 WL 456726 at *2-3 (N.D. Tex. Feb. 3, 2015), *contra Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS at *5 (W.D. Tex. Dec. 12, 2015) (granting removal where narrative allegations against adjuster in petition were much more specific and detailed than the allegations in Plaintiffs' petition against Hernandez).

[13] *Dalton v. State Farm Lloyds Inc.*, No. H-12-3004, 2013 WL 3157532 at *6 (S.D. Tex. June 19, 2013).

[14] *See Nasti v. State Farm Lloyds*, NO. 4:13–CV–1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Jones v. Allstate Ins. Co.*, No. 3:13–cv–4027–BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 3-13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code); *Van Tassel v. State Farm Lloyds*, No. 4:12–CV–3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer); *Green v. Nationwide Mut. Ins.Co.*, No. A–12–CV–600 LY, 2012 WL 5188031 (W.D. Tex, Oct. 17, 2012) (finding improper joinder where the original petition failed

settled Texas law, there can be no liability for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[15] Absent actual damages other than the unpaid policy benefits, there is no cause of action for violations of the Texas Insurance Code alleged by Plaintiffs.[16]

17. Further, in determining improper joinder, courts consider whether the complaint "supports any inference that the plaintiff intended to actively pursue claims" against the non-diverse defendant.[17] Where, as here, the adjuster has not been served and no actionable claims are specifically alleged against him, courts find that the complaint is insufficient to establish the possibility of a claim against the adjuster.[18]

18. Because there is no reasonable basis for predicting that Plaintiffs might establish liability against him, Hernandez is improperly joined in the instant action in an attempt to defeat diversity jurisdiction. His citizenship should thus be ignored for removal purposes.

---

to allege any individual acts by the improperly joined party that would indicate a violation of the Texas Insurance Code or the DTPA).

[15] *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, *4-6 (N.D. Tex., Nov. 12, 2014).

[16] *See, e.g., Thomas v. State Farm Lloyds*, No. 3:15-CV-1937-B, 2015 WL 6751130 at *4 (N.D. Tex. Nov. 4, 2015) (denying remand where threadbare allegations that adjuster violated Chapter 541 did not provide a reasonable basis to predict recovery, since ultimately the plaintiff was complaining about a failure to pay, which is not within the adjusters authority); *Messersmith*, 2014 WL 3406686 (finding no reasonable possibility of recovery against an independent adjuster for, in part, lack of independent injury).

[17] *Dalton*, 2013 WL 3157532 at *6 (internal quotations omitted).

[18] *Id.* ("No specific misrepresentation by [adjuster] to Plaintiff is pleaded nor any specified deficiencies determined during his investigation or contained in his report are alleged. Plaintiff's conclusory claim against [adjuster], individually, for insufficient investigation and undervaluing the claim, presumably incorporated into a report to [insurer], is insufficient to establish the possibility of a claim against [adjuster] individually for violation of the Texas Insurance Code and/or the DTPA.").

19. Further, courts in the Fifth Circuit and other circuits have found that removal by a non-forum defendant is proper under 28 U.S.C. § 1441(b) where diversity of citizenship exists between the plaintiff and non-forum defendant before the forum-defendant is "properly joined and served."[19] Under a plain reading of 28 U.S.C. §1441(b)(2), a case may be removed if the "properly joined and served" parties are diverse, thus the mere naming of a non-diverse defendant does not alone defeat diversity for removal purposes.[20] Where a forum defendant has not been served at the time of removal, and diversity otherwise exists, courts have held removal is proper under 28 U.S.C. §1441(b).[21]

## VI. COMPLIANCE WITH 28 U.S.C. § 1446

20. In accordance with 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, Essex files this Notice of Removal accompanied by the following exhibits:

- Since neither of the Defendants has been served, there is no executed process in the case to attach.

- Plaintiff's Original Petition, attached as ***Exhibit A***.

- State Court Docket Sheet, attached as ***Exhibit B***.

- Index of Matters Being Filed, attached as ***Exhibit C***.

- List of Counsel of Record, attached as ***Exhibit D***.

---

[19] *See e.g.*, *Taylor*, 2009 WL 1657427 at *2; *Davis v. Cash*, No. 3:01-CV-1037-H, 2001 WL 1149355, at *2 (N.D. Tex. Sept. 27, 2001) ("The plain language of 28 U.S.C. § 1441(b) clearly provides that the citizenship of unserved Defendants should not be considered in determining whether the 'no-local-defendant' rule is satisfied."); *see also Mask v. Chrysler Corp.*, 825 F.Supp. 285, 289 (N.D. Ala.1993), aff'd without opinion, 29 F.3d 641 (11th Cir. 1994) (where plaintiff and unserved defendant were citizens of same state, and removing defendant was diverse, court found the case was properly removed because the non-diverse defendant had not been served, and the unserved defendant may have been joined to defeat diversity).

[20] *See, e.g., Mask*, 825 F. Supp. at 289 (internal citations and quotations omitted).

[21] *See McCall v. Scott*, 239 F.3d 808, 813 nn. 1 & 2 (6th Cir. 2001) (inclusion of an unserved resident defendant does not defeat removal where diversity otherwise exists).

## VII.   JURY DEMAND

21. Plaintiffs demanded a jury trial in the state court action.

## VIII.   CONCLUSION

22. Essex will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

23. Therefore, Essex hereby provides notice that this action is duly removed.

Respectfully submitted,

By:   */s/ Todd M. Tippett*
Todd M. Tippett
TTippett@zelle.com
Texas Bar No. 24046977
Southern District of Texas No. 573544
Alexandra S. Fernandez
AFernandez@zelle.com
Texas Bar No. 24051786
Southern District of Texas No. 1038774

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:  214-742-3000
Facsimile:  214-760-8994

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On March 28, 2016, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>Kevin S. Baker
>kevin@krwlawyers.com
>Perry Dominguez
>perry@krwlawyers.com
>**KETTERMAN ROWLAND & WESTLUND**
>16500 San Pedro, Suite 302
>San Antonio, Texas 78232
>(210) 490-7402 – phone
>(210) 490-8372 – facsimile
>
>**ATTORNEYS FOR PLAINTIFF**

>>>*/s/ Todd M. Tippett*