# EXHIBIT "A"

CAUSE NO. **C-1055-16-D** _____

| | | |
|---|---|---|
| FRANK X. GARZA AND | § | IN THE DISTRICT COURT |
| CELIA A. GARZA | § | |
| | § | |
| | § | |
| V. | § | ____JUDICIAL DISTRICT |
| | § | |
| | § | |
| ESSEX INSURANCE COMPANY AND | § | |
| RAY HERNANDEZ | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs FRANK GARZA and CELIA A. GARZA, file this Original Petition against ESSEX INSURANCE COMPANY ("ESSEX" or the "INSURANCE DEFENDANT"), and RAY HERNANDEZ ("HERNANDEZ" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

## I.
## DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.
## PARTIES AND SERVICE

Plaintiffs reside in Hidalgo County, Texas.

Defendant ESSEX is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1

Case 7:16-cv-00143   Document 1-1   Filed in TXSD on 03/28/16   Page 3 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

This defendant may be served with personal process, by a process server, by serving Essex Insurance Company, 4521 Highwoods Parkway, Glen Allen, Virginia 23060, through Commissioner of Insurance, 333 Guadalupe Street Tower One, Floor 13, Austin, Texas 78701, or wherever else it may be found.

Defendant, RAY HERNANDEZ, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 3537 Penelope Way, Round Rock, Texas 78665, or wherever else he may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiffs and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiffs are the owners of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

2

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 4 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

Plaintiffs own the insured property, which is specifically located at 402 North 12th Street, McAllen, Texas 78501 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiffs.

During the terms of said Policy, Plaintiffs sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiffs timely reported same pursuant to the terms of the Policy. Plaintiffs asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT, conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 5 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1055-16-D**

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 6 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for their claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

**A.  BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs. Defendant's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in

5

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 7 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

B. **NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

    1. **UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

    2. **THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 8 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 9 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

# VI.
# CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

**A.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiffs re-allege the foregoing paragraphs. At all pertinent times, the ADJUSTER DEFENDANT, HERNANDEZ, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to HERNANDEZ who was at all pertinent times the agent of the

8

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 10 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiffs' property on or about May 29, 2015. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying all of the damage done to Plaintiffs' property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, HERNANDEZ, ignored covered damages including but not limited to the main house roof and the exterior elevations. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about May 30, 2015, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiffs, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiffs provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiffs allowed the ADJUSTER DEFENDANT full and complete access

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 11 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

to the property. The Plaintiffs provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiffs made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiffs have not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiffs.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VIII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been

10

Case 7:16-cv-00143 Document 1-1 Filed in TXSD on 03/28/16 Page 12 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of DEFENDANTS' mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

C-1055-16-D

**IX.**

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

**X.**
**REQUEST FOR DISCLOSURES**

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that DEFENDANTS provide the information required in a Request for Disclosure.

**XI.**
**FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT**

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiffs' property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a

Case 7:16-cv-00143   Document 1-1   Filed in TXSD on 03/28/16   Page 14 of 15

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiffs/insureds and/or for the Plaintiffs' property as listed in the Plaintiffs' Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiffs' property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiffs' property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

Electronically Filed
3/4/2016 12:12:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1055-16-D

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiffs may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

BY: */s/Kevin S. Baker*
Kevin S. Baker
State Bar No. 00797799
kevin@krwlawyers.com
Perry Dominguez
State Bar No. 24055414
perry@krwlawyers.com

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFFS REQUEST A TRIAL BY JURY**