United States District Court
Southern District of Texas
**ENTERED**
June 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANK X. GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-143 |
| | § | |
| ESSEX INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Opposed Motion to Remand,"[1] filed by Frank X. Garza and Celia A. Garza (collectively "Plaintiffs"). Defendant Essex Insurance Company ("Essex") has responded.[2] After considering the motion, response, record, and relevant authorities, the Court **GRANTS** the motion to remand for the reasons stated below.

### I. Background

On March 4, 2016, Plaintiffs, both citizens of Texas, filed their original petition in state court against Essex, a citizen of both Delaware and Virginia, and against Defendant Ray Hernandez ("Hernandez"), a citizen of Texas,[3] asserting various insurance related causes of action for damages to Plaintiffs' property resulting from alleged wind or hail damage.[4] On March 28, 2016, Essex removed the action to this Court based on diversity jurisdiction, asserting that Hernandez was improperly joined "[b]ecause there is no reasonable basis for predicting that Plaintiffs might establish liability against him."[5] Subsequently, Plaintiffs filed the instant motion

---

[1] Dkt. No. 8 ("Motion to Remand").
[2] Dkt. No. 10 ("Response").
[3] Dkt. No. 1 at ¶¶ 4-6.
[4] Dkt. No. 1, Exh A ("Petition").
[5] Dkt. No. 1 at ¶ 18.

to remand. As of the date of this order, it appears Hernandez has yet to be served with process. The Court now reviews the applicable legal standards.

## II. Legal Standard

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[6] "The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[7] "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[8] A removing party can establish improper joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[9] The Court resolves improper joinder by examining "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[10] In other words, there must be "no reasonable basis" for this Court to predict that Plaintiffs might be able to recover against Hernandez, the non-diverse defendant.[11]

The Court generally conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[12] A 12(b)(6)-*type* analysis is distinguishable from a pure-12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state-court

---

[6] 28 U.S.C. § 1332(a) (2014).
[7] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[8] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[9] *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted).
[10] *Smallwood v. Ill. Ctr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[11] *Id*.
[12] *Id.*

pleading standards.[13] To be clear, the Court will apply the state court pleading standards not the federal court pleading standards. With this in mind, the Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[14]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[15] Finally, the Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[16]

### III. Discussion

#### a. State Court Petition

Plaintiffs' state court petition makes several allegations against Hernandez, identified in the petition as "HERNANDEZ" or "ADJUSTER DEFENDANT,"[17] including the following:

> At all pertinent times, the ADJUSTER DEFENDANT, Hernandez, was engaged in the business of insurance as defined by the Texas Insurance Code.[18]
>
> ***
>
> ADJUSTER DEFENDANT inspected Plaintiff's property on or about May 29, 2015. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiffs' property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, HERNANDEZ, ignored covered damages including but not limited to the main house roof and the exterior elevations. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about May 30, 2015, which vastly under-scoped

---

[13] See Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607, at *2-6 (S.D. Tex. Dec. 8, 2010).
[14] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[15] Id.; see also TEX. R. CIV. P. 45 & 47.
[16] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[17] See Petition at p. 1.
[18] Id at p. 9.

the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.[19]

Upon initial examination, the petition appears to sufficiently allege that Hernandez violated § 541.060 of the Texas Insurance Code which states in part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim[.][20]

In response to the motion to remand, Essex argues that "the 'factual' allegations contained in the Original Petition are merely conclusions copied almost verbatim from the Texas Insurance Code and written in narrative form."[21] Indeed, the Court observes that the majority of the allegations in Plaintiffs' petition merely track the language of the Texas Insurance Code in conclusory paragraphs, and fail to assert any factual support as to how Hernandez violated the relevant statutes; thereby lacking the necessary factual fit between Plaintiffs' allegations and the pleaded theory of recovery.[22] However, the Court notes that it need only determine whether Plaintiffs have a reasonable possibility of recovery against Hernandez as to one of these causes of action to find that he is a properly joined defendant.

While Plaintiffs' petition is hardly a model of draftsmanship, the Court nevertheless finds Plaintiffs' petition sufficiently alleges that Hernandez violated Section 541.060(a)(7) of the Texas Insurance Code. Plaintiffs' petition alleges that Hernandez acted as an insurance adjuster "engaged in the business of insurance"[23] with respect to Plaintiffs' claim. That is sufficient to

---

[19] *Id.*
[20] Tex. Ins. Code Ann. § 541.060(a)(7).
[21] Response at p. 4.
[22] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (holding that "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery.").
[23] Petition at p. 9.

allege that Hernandez is a "person" subject to the insurance code.[24] Moreover, Plaintiff's petition claims Herndandez "ignored covered damages . . . to the main house roof and the exterior elevations," and "prepared a repair estimate . . . vastly under-scop[ing] the actual covered damages to the property;" thus, failing to "conduct a thorough investigation of the claim."[25]

Therefore, the Court finds Plaintiffs' petition sufficiently demonstrates a reasonable possibility of recovery against Hernandez as to one of the asserted causes of action, which would support the proper joinder of the non-diverse defendant and deprive Defendants of the federal forum. Accordingly, the Court finds that Essex has not met its burden of demonstrating that Hernandez, the non-diverse defendant, is improperly joined.

b. *Failure to Serve Hernandez*

Essex also argues that since Plaintiffs have yet to serve Hernandez, Plaintiffs' claims are thus implausible against him because "there is no basis on which the Court can infer that Plaintiffs intend to actively pursue [those] claims[.]"[26] Moreover, Essex asserts that "one of the factors courts consider when determining improper joinder is whether the non-diverse defendant was ever served."[27] However, whether Hernandez has been served or whether Plaintiffs intend to pursue their claims against Hernandez is not the issue before the Court. The issue before the Court is simple; was Hernandez improperly joined in this case?

---

[24] *See* Tex. Ins. Code Ann. § 541.002; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 280 & n. 2, 282 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484—486 (Tex.1998)).
[25] *Id.* at p. 10.
[26] Response at p. 8.
[27] *Id.*

As noted earlier, the answer to that question is no, as Plaintiffs have sufficiently supported the proper joinder of Hernandez. Thus, the Court is unpersuaded by Essex's argument.

**IV. Holding**

Based on the foregoing reasons, the Court finds that it lacks jurisdiction because the parties are not completely diverse and **GRANTS** Plaintiffs' motion to remand. Therefore, this case is **REMANDED** to the 206th Judicial District Court in Hidalgo County, Texas.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 17th day of June, 2016.

_____
Micaela Alvarez
United States District Judge