Case 7:16-cv-00143   Document 15   Filed in TXSD on 09/29/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANK X. GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-00143 |
| | § | |
| ESSEX INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION**

The Court now considers Essex Insurance Company and Ray Hernandez's ("Defendants") motion for reconsideration,[1] as well as Frank and Celia Garza's ("Plaintiffs") response[2] and Defendants' reply.[3] After duly considering the record and authorities the Court **DENIES** Defendants' reconsideration motion.

### I. BACKGROUND

This is an insurance case in which Plaintiffs' insured property was damaged by a storm, and Plaintiffs allege that Defendants failed to adequately compensate them for the damages.[4] Plaintiffs sued Defendants in state court on March 4, 2016, and Defendants removed the case on March 28, 2016.[5] Plaintiffs filed their motion to remand on April 28, 2016,[6] and Defendants replied on May 2, 2016.[7] The Court ultimately granted Plaintiffs' remand motion on June 17, 2016.[8] Defendants moved for reconsideration on June 22, 2016, arguing that the Court applied

---

[1] Dkt. No. 12.
[2] Dkt. No. 13.
[3] Dkt. No. 14.
[4] *See generally* Dkt. No. 1-1.
[5] Dkt. No. 1.
[6] Dkt. No. 8.
[7] Dkt. No. 10.
[8] Dkt. No. 11.

the incorrect legal standard when making its determination.[9] Plaintiffs responded on July 13, 2016,[10] and Defendants replied on July 18, 2016.[11]

## II. DISCUSSION

Review of Defendants' Rule 59(e) reconsideration motion is barred by 28 U.S.C.A. § 1447(d), which provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise*, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

The Supreme Court has clarified that Section 1447(d) only applies when the remand in question is made on the basis of Section 1447(c),[12] which states in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[13] In this case, the Court remanded specifically because "it lacks jurisdiction because the parties are not completely diverse."[14] In other words, the Court remanded because it found, before entering final judgment, that it lacked subject matter jurisdiction. As a result, the Court's remand was based on Section 1447(c), and Section 1447(d) is applicable in this instance.

Section 1447(d) has an exception: it does not apply to actions that were initially removed under 28 U.S.C.A. §§ 1442 or 1443. However, this exception has no application in the present action, which was removed under Section 1441.[15] Thus, even considering the exception, Section

---

[9] Dkt. No. 12.
[10] Dkt. No. 13.
[11] Dkt. No. 14.
[12] *Powerex Corp. v. Reliant Energy Svcs., Inc.*, 551 U.S. 224, 229, 127 (2007) ("[Section 1447(d)] should be read in pari materia with section 1447(c), so that only remands based on the grounds specified in the latter are shielded by the bar on review mandated by the former.").
[13] 28 U.S.C.A. § 1447(c) (West).
[14] Dkt. No. 11 at p. 6.
[15] Dkt. No. 1. ("For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.").

1447(d) is applicable here. Indeed, although the case law is relatively scant, courts within the Fifth Circuit and elsewhere appear to uniformly apply Section 1447(d) to 59(e)-based challenges to remand orders.[16] The Court agrees.

### III.   HOLDING

Pursuant to 28 U.S.C.A. Section 1447(d), the Court **DENIES** Defendants' motion to reconsider the Court's remand order.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of September, 2016.

_____
Micaela Alvarez
United States District Judge

---

[16] *See All. Riggers & Constructors, Ltd. v. Restrepo,* EP-14-CV-00408-DCG, 2015 WL 966324, at *1 (W.D. Tex. Jan. 8, 2015); *Easley v. Pace Concerts, Inc.,* No. CIV. A. 98–2220, 1999 WL 787652, at *1 (E.D. La. Oct.4, 1999) (concluding that the court did not have jurisdiction to entertain a party's motion to reconsider a remand order); *Ballard v. D.C.*, 813 F. Supp. 2d 34, 43 (D.D.C. 2011) (denying Rule 59(e) motion challenging remand order because of Section 1447(d)); *Archuleta v. Taos Living Ctr.*, CIV 10-1150 JB/ACT, 2011 WL 6013057, at *2 (D.N.M. Dec. 1, 2011) (applying 1447(d) analysis to Rule 59(e) motion); *Maggio Enters. v. Hartford Cas. Ins. Co.*, 132 F.Supp.2d 930, 931 (D.Colo. 2001); *Consol. Doors, Inc. v. Mid–America Door Co.*, 120 F.Supp.2d 759, 764 (E.D.Wis. 2000); *First Union Nat'l Bank v. Hall*, 123 F.3d 1374, 1377 (11th Cir.1997); *In re Lowe*, 102 F.3d 731, 734 (4th Cir.1996); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252–53 (1st Cir.1969).